IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EMILIO GARCIA CONTRERAS,

          Petitioner,

vs.

          Respondent.

8:23CV104

**MEMORANDUM AND ORDER**

This matter is before the Court on what has been docketed as Petitioner Emilio Garcia Contreras' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Filing No. 1. The Court hereby notifies Petitioner that it intends to characterize the document at Filing No. 1 as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial motion under 28 U.S.C. § 2255; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to § 2254, he should be aware of his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must cure the deficiencies discussed below. First, Petitioner failed to include the $5.00 filing fee. Petitioner has the choice of either submitting the $5.00 fee to the Clerk's office or submitting a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Petitioner.

Second, Petitioner has not signed the petition under penalty of perjury, which is required to proceed. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Third, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Instead, in an untitled four-page, handwritten document, Petitioner appears to allege his hired trial counsel was ineffective, Filing No. 1 at 4 (translated from Spanish), but he does not clearly indicate the decision or action he is challenging or the grounds upon which he seeks habeas relief.

Finally, Petitioner failed to name any respondent in the Petition, rendering it clearly deficient. *See* Filing No. 1. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state

officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005).

Based on these deficiencies, Petitioner's petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus if he wants this action to proceed as a § 2254 habeas action. To be clear, if Petitioner decides to allow this action to proceed, then Petitioner must (1) either pay the $5.00 fee or submit a request to proceed in forma pauperis and (2) file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 that is originally signed under the penalty of perjury. The Court will direct the Clerk of the Court to send to Petitioner the AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **May 8, 2023**, voluntarily withdraw his petition if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he shall no later than **May 8, 2023**, file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (8:23CV104).

3. Petitioner is directed to submit the $5.00 fee to the Clerk's office or submit a request to proceed in forma pauperis by **May 8, 2023**, if he intends to pursue this matter.

4. If Petitioner fails to respond to this Memorandum and Order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. The Clerk of the Court is directed to send to Petitioner the Form AO 240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and the Form AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

6. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **May 8, 2023**: Check for MIFP or payment and motion to withdraw or amended petition.

Dated this 6th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4